UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

STEFON T. LANDING,           :
          Petitioner,    :
    v.                     :  No. 5:20-cv-5946
                             :
COMMONWEALTH OF              :
PENNSYLVANIA, *et al.*,      :
          Respondents.   :
_____

**O P I N I O N**
**Petition for Writ of Habeas Corpus, ECF No. 1 — Denied**
**Motion for Appointment of Counsel, ECF No. 16 — Denied**
**Motion to Remand, ECF No. 18 — Denied**
**Motion to Test Evidence, ECF No. 31 — Denied**

**Joseph F. Leeson, Jr.**                                                                               October 14, 2022
**United States District Judge**

    **I.**        **INTRODUCTION**

Stefon Landing was found guilty of multiple crimes, including third-degree murder. He filed a petition for writ of habeas corpus, claiming that he deserves a new trial because of ineffective assistance of counsel at the trial and direct appeal level. He also filed two motions: a motion to be appointed counsel and a motion to remand his case to the Pennsylvania Superior Court. Magistrate Judge Elizabeth T. Hey issued a Report and Recommendation, recommending that Landing's claims of ineffective assistance of counsel should be denied for lacking merit. She also recommends that Landing's motions for counsel and remand should be denied.

Landing objects to the Report and Recommendation, largely asserting the same arguments made in his petition and motions. He also filed a third motion after the Report and Recommendation was issued, in which he asks for additional testing of evidence.

Following de novo review, this Court adopts the Report and Recommendation in its entirety and incorporates the same herein. Landing's petition and his motions are denied. This Court writes separately to address Landing's only objection that is unique from his arguments in his petition and first two motions. The Court also writes separately on Landing's motion to test evidence because it was not addressed in the Report and Recommendation.

## II.   BACKGROUND

Magistrate Judge Elizabeth T. Hey recites the background of this case in great detail in the Report and Recommendation. *See* R&R, ECF No. 28. For that reason, and because Landing does not object to the Magistrate's summary, the Court hereby adopts and incorporates the summary herein. Rather than repeat the entire history of this case, the Court briefly summarizes only those facts necessary for its analysis in this Opinion.

Landing met with Devonte Gantt and Amos Clay to purchase marijuana. *See id*. at 2. Before the transaction finished, Landing and Clay drew handguns and exchanged fire. *See id*. Landing shot Gantt to death. Landing was also hit and went to the hospital for treatment. The hospital collected Landing's clothing and later turned the clothing over to Officer Ben Bradley of the Lancaster Police Department where it was kept in the police station's secure evidence room. *See id*. at 21.

As a result of the shooting, Landing was charged with, among other crimes, third-degree murder. *See id*. at 1. He argued at trial that he had acted in self-defense and that Clay had shot at him first. *See id*. at 25. Landing's clothing was admitted as evidence over his objection during the trial. The jury found Landing guilty of third-degree murder, aggravated assault, and carrying a firearm not to be carried without a license. *See id*. at 1.

Landing appealed his conviction to the Superior Court, the Pennsylvania Supreme Court, and he also filed for relief under Pennsylvania's Post Conviction Relief Act. *See id.* at 2. All of Landing's efforts were either denied or dismissed. Next, Landing filed a petition for habeas corpus with this Court. *See* Pet., ECF No. 1.

In his Petition, Landing claims that his counsel for trial and direct appeal was ineffective for failing to do the following: i) properly question a witness, ii) challenge the ruling of a suppression hearing, iii) object to comments during trial that he had tried to rob Clay, iv) challenge the seating of a juror who worked with Gantt's mother, v) impeach a witness, vi) challenge the weight of the evidence, and vii) request a voluntary manslaughter instruction. In the R&R, the Magistrate Judge reviewed the merits of Landing's claims de novo. *See* R&R. at 34. The Magistrate Judge reasoned that Landing's claims of ineffective assistance of counsel are meritless because none of them prejudiced Landing's defense. In other words, the Magistrate Judge determined that Landing had not established a reasonable probability that the result of his proceedings would have been different absent his counsel's alleged failures.

In addition to his Petition, Landing also filed two motions. In his first motion, Landing requests to have counsel appointed for him to assist with his Petition. *See* ECF No. 16. The Magistrate Judge recommends that motion should be denied because there is no constitutional right to counsel in habeas proceedings and because Landing was able to adequately articulate his claims without the assistance of counsel. *See* R&R at 33–34.

In his second motion, Landing requests that his case be remanded to the Superior Court of Pennsylvania Eastern District, arguing that the Superior Court of Pennsylvania Middle District, where he was tried, was not the proper venue. *See* ECF No. 18. The Magistrate

recommends that motion should be denied because this Court has no power to remand a case to the Superior Court. *See* R&R at 34.

Landing filed objections to the R&R. *See* Obj., ECF No. 30. He also filed a third motion after the R&R was issued, in which he asks this Court to have the clothing that he was wearing during the shooting "tested for soot and gunshot residue." ECF No. 31.

### III. LEGAL STANDARD

**Writ of Habeas Corpus – Review of Applicable Law**

A "writ of habeas corpus is a procedural device" that, when available, assures "that a prisoner may require his jailer to justify the detention under the law." *Peyton v. Rowe*, 391 U.C. 54, 58 (1968). When the claim presented in a federal habeas corpus petition has been adjudicated on the merits in the state courts, a federal court cannot grant habeas relief unless the state court adjudication resulted in a decision that was either "contrary to, or involved an unreasonable application of, clearly established Federal law," or "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d).

When reviewing a writ of habeas corpus, the Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *see also* 28 U.S.C. § 2254(d); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must

stand, as its determination of the facts would not be unreasonable."). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

When objections to a report and recommendation have been filed, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). However, "[o]bjections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." *Gray v. Delbiaso,* No. CV 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017) (citing *Becker v. Tennis*, 2011 WL 2550544, at *1 n.3 (E.D. Pa. June 23, 2011)).

In addition, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

## IV.   DISCUSSION

Landing filed objections to the R&R and also a separate motion to have testing done on evidence. The Court first discusses his objections and then his motion to test evidence.

### a. Objections[1]

The Magistrate Judge determined that Landing's claims in the Petition, motion to be appointed counsel, and motion to remand all lack merit. Landing objects to every recommendation made in the R&R. Almost all of his objections, however, simply rehash the same arguments he made in his Petition and two motions. The Court therefore incorporates herein the same reasons and analysis used by the Magistrate Judge in the R&R to reject Landing's recycled arguments. *See Luckett, Jr. v. Folino*, No. 1:09-CV-00378, 2010 WL 3806822, at *1 (M.D. Pa. Sept. 23, 2010) (rejecting petitioner's objections because they sought "to re-litigate issues already considered and rejected by Magistrate Judge").

Only one of Landing's objections has not already been addressed in the R&R, at least not explicitly. Landing seems to take issue with the standard of review that the Magistrate Judge applied to his ineffective assistance of counsel claims (IAC claims). Specifically, Landing argues that, in order to bring a successful IAC claim, he must "show that but for the error the outcome could have been different." Pet. at 5. Landing emphasizes that "the key word for this is *could*." *Id.* (emphasis added). He argues that the "law is not that [he] must show a for sure acquittal." *Id*. Landing gets the standard of review for IAC claims correct in general. However, he is mistaken that the Magistrate Judge used a different standard.

In the R&R, the Magistrate Judge states that IAC claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). *See* R&R at 16. The Magistrate Judge goes on to explain that

---

[1] The Court notes that the Magistrate Judge did not use AEDPA deference when reviewing the merits of Landing's claims because the state-court dismissed the claims on a procedural ground. Similar to every other aspect of the R&R, this Court adopts that aspect of the R&R and incorporates the same herein. *See Wright v. Superintendent Somerset SCI*, 601 F. App'x 115, 119 (3d Cir. 2015) ("Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), if the state court did not reach the merits of the federal claim, then it is reviewed de novo.").

courts make two inquiries when considering an IAC claim. "First, the petitioner must show that counsel's performance was deficient." *Id*. "Second, the petitioner must show that the deficient performance prejudiced the defense." *Id*. The Magistrate Judge explains further that, in order to show counsel's errors prejudiced a petitioner, the petitioner must show that "there is a reasonable probability that the result of the proceeding would have been different" absent the errors. *Id*. (citing 466 U.S. at 694).

The Magistrate Judge got the standard of review for IAC claims correct. Moreover, the analysis in the R&R shows that the Magistrate Judge also applied the correct standard to Landing's claims. For example, the Magistrate Judge reasoned that Landing had not shown that the outcome "was reasonably likely to result in an acquittal" even if his counsel had successfully suppressed the clothing evidence. *Id*. at 22. In regard to Landing's claim that his counsel was ineffective for failing to challenge the seating of a certain juror, the Magistrate Judge explained that Landing had "failed to establish that there is a reasonable probability that the verdict would have been different had counsel objected and the juror been dismissed." *Id*. at 24. The Magistrate Judge used similar reasoning for the remainder of Landing's IAC claims. Thus, contrary to Landing's assertion, the Magistrate Judge did not require that Landing prove that acquittal was *guaranteed* absent the alleged errors. Instead, the Magistrate Judge asked whether there was a reasonable probability that the result of the proceedings would have been different absent the alleged errors.

In sum, the Magistrate Judge stated and applied the correct standard of review when she considered Landing's IAC claims. This Court agrees with the Magistrate Judge's determinations that Landing has not shown that there is a reasonable probability that the result of the proceedings would have been different absent the alleged errors. The Court also agrees with the

Magistrate Judge's determinations that Landing's first two motions should be denied for the reasons given in the R&R. Thus, this Court adopts the R&R in its entirety.

### b. Motion to Test Evidence

In his motion to test evidence, Landing asks this Court to test his clothing from the night of the shooting "for soot and gunshot residue." ECF No. 31. He believes that tests "would prove that there is gunshot residue and or soot" on his clothing, which "would prove that [he] was shot at a close range." *Id*. at ¶ 7. According to Landing, showing that he was shot at close range would support his claim that he acted in self-defense. *See id*. at ¶ 8. He asserts that "this would be new discovered evidence that change this whole outcome of the case." *Id*. at ¶ 9.

Landing's motion to test evidence is essentially a claim that the possibility of newly discovered evidence might prove his actual innocence. Such a claim should have been brought with the original Petition. The Court notes that Landing's Petition was just two days away from being untimely. *See* R&R n.6. As a result, this claim of actual innocence based on supposed new evidence, which was brought nearly two years after the Petition, is clearly untimely. Nevertheless, even if the Court ignored the fact that this claim is untimely, and also assumed that the tests would reveal what Landing claims they would, his claim still suffers from three other fatal issues.

First, "a claim of innocence based on newly discovered evidence has never been a basis for federal habeas relief absent an independent constitutional violation occurring in the state trial." *Albrecht v. Horn*, 485 F.3d 103, 121 (3d Cir. 2007) (citing *Herrera v. Collins*, 506 U.S. 390, 398–99 (1993)). Landing's claim here stands on its own because it is not accompanied with a claim that his constitutional rights were violated in any way. For example, Landing does not

claim that the prosecution tested his clothing and then suppressed the results. For that reason, this claim, on its own, is not a basis for habeas relief.

Second, the evidence is not new. "Evidence is not 'newly discovered' if it was actually known or could have been known by the diligence of the defendant or his counsel." *United States v. Cimera*, 459 F.3d 452, 461 (3d Cir. 2006) (cleaned up). The clothing was evidence in Landing's original trial that took place in 2015. Indeed, the clothing itself belonged to Landing, and he tried to have the clothing suppressed in the original trial, so there is no doubt whether Landing was aware of its existence at the time of trial. Thus, the clothing is not newly discovered evidence because it has not been discovered since the trial and because, through reasonable diligence, the tests that Landing requests now could have been performed then. *See United States v. Bujese*, 371 F.2d 120, 125 (3d Cir. 1967).

Third, the evidence, if it exists, would not establish actual innocence. Normally, claims of actual innocence act as a "gateway" through which a "petitioner may pass to have an otherwise procedurally barred constitutional claim considered on the merits." *Givens v. Kelly*, No. CIV.A. 12-365, 2013 WL 1136739, at *9 (W.D. Pa. Mar. 18, 2013). Under those circumstances, a petitioner must show two things: 1) the petitioner's allegations of constitutional error are supported "with new reliable evidence not available at trial," and 2) "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at *7. In a case like this one, where Landing's claim of actual innocence is a free-standing claim, his burden is even "heavier and higher than the burden to make out a gateway claim of actual innocence." *Id*. at *10. Landing has not met that extraordinarily high threshold. *See Wright v. Superintendent Somerset SCI*, 601 F. App'x 115, 120 (3d Cir. 2015). Even if tests revealed that Landing was

shot at close range, that does not make it more likely than not that no reasonable juror would have convicted Landing in light of that evidence.

In sum, Landing's motion to test evidence is too late, would not lead to a proper habeas claim, does not truly deal with newly discovered evidence, and would not prove actual innocence.

## V. CERTIFICATE OF APPEALABILITY

"Under the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), a 'circuit justice or judge' may issue a COA [certificate of appealability] only if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth above, and those given in the R&R, Landing has failed to make out a substantial showing of the denial of a constitutional right, nor would reasonable jurists find this Court's review of Landing's claims debatable or wrong. Therefore, a Certificate of Appealability shall not issue.

## VI. CONCLUSION

The Court overrules Landing's unique objection for the reasons above. It overrules Landing's other objections for the reasons given in the R&R. The Court denies his motion to test evidence for the reasons in this Opinion.

A separate Order follows.

                                                BY THE COURT:

                                                */s/ Joseph F. Leeson, Jr.*
                                                JOSEPH F. LEESON, JR.
                                                United States District Judge